UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                                    No. 98-4233

MARTIN SANCHEZ,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., District Judge.
(CR-97-281)

Submitted: September 30, 1998

Decided: October 28, 1998

Before MURNAGHAN and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dale T. Cobb, BELK, COBB, INFINGER & GOLDSTEIN, P.A.,
Charleston, South Carolina, for Appellant. J. Rene Josey, United
States Attorney, Nancy C. Wicker, Assistant United States Attorney,
Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Martin Sanchez appeals his conviction and sentence for conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846 (1994). Sanchez alleges that out-of-court photographic identifications and in-court identifications of Sanchez by Government witnesses were unduly suggestive and unreliable. He also objects to the district court's application of a sentencing enhancement for obstruction of justice, under U.S. Sentencing Guidelines Manual § 3C1.1 (1997), for perjury committed at trial. Finding no error, we affirm.

Sanchez filed a motion to suppress evidence of his out-of-court photographic and in-court identifications by three Government witnesses: Julio Perez, Victor Castillo, and Salvador Villanueva. After a hearing on the motion, the district court denied the motion as to the in-court and out-of-court identifications of Perez and Castillo. The court took the motion under advisement as to Villanueva. The Government subsequently withdrew its objection to the suppression of the out-of-court photographic identification by Villanueva. The court then denied Sanchez's motion to suppress the in-court identification of Villanueva.

While in the process of transporting marijuana for Sanchez from Texas to Wilson, North Carolina, Perez, Castillo, and Villanueva were arrested in North Carolina prior to delivery. On the night before their arrests, the three witnesses met with Sanchez in Wilson to inform him that the marijuana could not be delivered until the next day. Upon his arrest, Perez cooperated with the DEA and told Agent McNair he had been involved in one prior trip and delivery of marijuana to Sanchez in North Carolina.

As the investigation progressed, Agent McNair contacted the North Carolina State Bureau of Investigation and spoke with Agent Tom

2

Lockyer. McNair discussed the circumstances of the arrests and that he found a particular number in Perez's pager at the time of his arrest. Lockyer recognized the number from an on-going investigation into marijuana trafficking. Lockyer knew the number was used by Sanchez and his associate, Marcelo Arrellano. Lockyer then sent McNair two photographs, one of Sanchez and one of Arrellano. Subsequently, Perez, Castillo, and Villanueva viewed the photographs and identified Sanchez as the person with whom they had met the night before their arrests. Perez further identified Sanchez as the person to whom the marijuana was to be delivered.

Findings of fact made by a district court in ruling on a motion to suppress are reviewed for clear error, but the ultimate decision on the legal issue is reviewed de novo. See United States v. Johnson, 114 F.3d 435, 439 (4th Cir.), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3262 (U.S. Oct. 6, 1997) (No. 97-5705). An eyewitness identification at trial following a pretrial identification by photograph should only be suppressed when the photographic identification procedure is so impermissibly suggestive as to give rise to the very substantial likelihood of misidentification. See Simmons v. United States, 390 U.S. 377, 384 (1968); see also Harker v. Maryland, 800 F.2d 437, 443 (4th Cir. 1986) (holding that evidence of eyewitness identification should only be excluded from the jury's consideration if the evidence is "manifestly suspect").

A two-step analysis is required to determine whether identification testimony is admissible. First, the court examines whether the initial identification was impermissibly suggestive. See United States v. Wilkerson, 84 F.3d 692, 695 (4th Cir. 1996), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3204, 66 U.S.L.W. 3293, 66 U.S.L.W. 3297 (U.S. Oct. 20, 1997) (No. 97-493) (citing Manson v. Brathwaite, 432 U.S. 98 (1977)). Second, even if the procedure was suggestive, the in-court identification is valid provided the identification is reliable. See Wilkinson, 84 F.3d at 695 (citing Brathwaite , 432 U.S. at 114). The reliability of the identification is based upon the totality of the circumstances. See Neil v. Biggers, 409 U.S. 188, 199-200 (1972); Holdren v. Legursky, 16 F.3d 57, 61 (4th Cir. 1994).

Factors used in assessing reliability include: (1) witness' opportunity to view the perpetrator at the time of the crime; (2) the witness'

degree of attention at the time of offense; (3) the accuracy of witness' prior description of the perpetrator; (4) the witness' level of certainty when identifying the defendant as the perpetrator at the time of the confrontation; and (5) the length of time between the crime and the confrontation. See Wilkerson, 84 F.3d at 695 (citing Neil, at 199-200).

The Supreme Court has consistently questioned the use of a single photograph for pretrial identification, and has encouraged the use of a reasonable photographic display. See Brathwaite, 432 U.S. at 117 (holding that suggested use of display of reasonable number of persons would have been better than single photograph, but finding identification reliable); Simmons v. United States , 390 U.S. at 383 (same). Here, the witnesses were shown two photographs of men with similar appearances. Even if we found that this photographic display was unduly suggestive, the in-court identification was reliable.

Application of the reliability factors demonstrates that the witnesses in-court identifications were sufficiently reliable. First, Perez had two opportunities to observe Sanchez. Once during the first delivery in February 1996 for an extended period of time, and once during the delivery of the second load of marijuana. Castillo and Villanueva saw Sanchez while they were seated in a car while Perez had a conversation with Sanchez a short distance away in the front yard. Castillo testified that he observed Sanchez's face for approximately two to three minutes from a ten meter distance, and that he paid a little attention to Sanchez because he knew that Sanchez was receiving the marijuana. The observation of Sanchez by the Government witnesses was more than casual or in passing. See Brathwaite, 432 U.S. at 115. Also, we have held that the likelihood of misidentification is substantially less when a witness is asked to identify someone with whom he is acquainted, rather than a stranger. See United States v. Burgos, 55 F.3d 933, 942 (4th Cir. 1995). Perez particularly was well acquainted with Sanchez. Thus, the opportunity to view Sanchez and the degree of attention paid to his appearance weigh in favor of the Government.

Next, the description Perez gave to Agent McNair largely matched Sanchez's description.[1] Also, the testimony at trial and during the

_____

[1] Perez was the only witness who was asked to give a description of Sanchez prior to identifying him.

4

suppression hearing revealed that the witnesses expressed no hesitancy in the initial identification when shown the two photographs.**2** Finally, the witnesses identified Sanchez by photograph approximately six months after their last meeting with him. Although such a long delay may have affected their memory, they were able to immediately identify Sanchez upon viewing the photographs. In addition, Perez gave an accurate description to Agent McNair soon after his last meeting with Sanchez. The Supreme Court has found that an identification made seven months after a crime was not by itself sufficient to find the identification unreliable. See Neil, 409 U.S. at 201. We find that the other factors outweigh whatever unreliability may be inferred by the temporal gap. Thus, under the totality of the circumstances, the witnesses's in-court identification was sufficiently reliable. Therefore, we affirm the district court's denial of Sanchez's motion to suppress the in-court identifications.

Finally, Sanchez argues that the district court erred in giving him a sentencing enhancement for perjury at trial because the district court's finding of perjury was based upon the testimony of Government witnesses who at first lied to law enforcement officials before cooperating with them. A two-level increase may be applied under USSG § 3C1.1, "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense . . . ." USSG § 3C1.1 (1997). Perjury is conduct that warrants the enhancement. See USSG § 3C1.1 n.3. An enhancement for perjury is sufficient if the court's finding "`encompasses all of the factual predicates for a finding of perjury.'" United States v. Castner, 50 F.3d 1267, 1279 (4th Cir. 1995) (quoting United States v. Dunnigan, 507 U.S. 87, 94-95 (1993)). The court must find that a defendant "`gave false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory.'" Id. The court found that Sanchez completely denied any involvement in drug activity and that his testimony was contradicted in several respects. In addition, the court found that San-

_____

**2** At the suppression hearing, Villanueva was not certain that the two photographs shown to him at the hearing were exactly the same ones shown to him at the first photo identification. He was able to identify that the persons depicted in the photos were the same as in the prior photos.

5

chez's testimony was made regarding a material matter "and it was made with the willful intent to provide false testimony, and it was not made as a result of confusion, mistake or faulty memory." (JA 330).

The district court may base its finding of perjury upon the statements of a witness who lied in a prior proceeding or context. See United States v. Puckett, 61 F.3d 1092, 1095 (4th Cir. 1995). Further, defense counsel fully explored the veracity and motivations of the witnesses during cross-examination. This court gives due regard to the opportunity of the district court to judge the credibility of witnesses and accepts the findings of fact of the district court unless they are clearly erroneous. See United States v. Uwaeme, 975 F.2d 1016, 1018 (4th Cir. 1992). We therefore find that the district court did not clearly err in relying upon the testimony of the Government witnesses in finding that Sanchez committed perjury.

Sanchez also argues that it is possible that the jury found him guilty based upon the circumstantial evidence of phone records and cellular phone numbers and not the testimony of the Government witnesses. He argues that if his conviction was based solely upon the circumstantial evidence, and not the direct testimony, then his own testimony denying his involvement in drug activity may not have been perjurious. Sanchez partially bases his argument on speculation that the Government witnesses confused him with his partner, Arrellano. However, this argument fails because all three witnesses who identified Sanchez by photograph were shown a photograph of Arrellano at the same time. We therefore find this argument to be speculative and not supported by the record. The district court's findings were sufficient as a matter of law, and were not clearly erroneous. See Castner, 50 F.3d at 1279.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6